OPINION OF THE COURT
Fred J. Hirsh, J.
Defendant moves to dismiss this action pursuant to CPLR 3211 (a) (1) and/or (7) on the grounds Dynamic Medical Imaging, EC. (Dynamic) failed to appear for an examination under oath (EUO).
Background
Dynamic is a medical imaging facility located in Maspeth, New York.
On May 14, 2010, Dynamic performed a cervical MRI on Jimmy Anderson. Anderson assigned his no-fault benefits to Dynamic.
Dynamic submitted the claim for benefits to State Farm Fire and Casualty Insurance Company (State Farm). State Farm received the claim on May 24, 2010.
On June 7, 2010, State Farm mailed a letter to Dynamic dated June 4, 2010 requesting Dynamic appear for an EUO on June 28, 2010 at 10:00 a.m. at the offices of Rivkin Radler LLR 926 RexCorp Plaza, Uniondale, New York. The letter was mailed to Dynamic at three different locations on June 7, 2010.[1]
The letter stated State Farm wanted to conduct an EUO because it is
*602 “investigating the circumstances surrounding the rendition and necessity of services rendered by Dynamic Medical Imaging, PC, its billing practices and whether the charges constitute ‘basic economic loss’ within the meaning of New York State Insurance Law § 5102 (a) (I). Additionally, it is questionable whether this provider is in compliance with the requirements of 11 NYCRR Section 65-16 (a) (12).”
The letter requested Dynamic call State Farm’s SIU investigator seven days in advance of the EUO to confirm attendance. The letter advised Dynamic if the date, time and place are reasonably inconvenient, the EUO would be rescheduled to a date, time and place convenient for Dynamic.
The letter advised Dynamic it will be reimbursed for any earnings lost as a result of its appearance at the EUO and reasonable transportation expenses incurred in attending.
Dynamic did not produce a witness for the EUO and did not call to adjourn or reschedule.
On July 7, 2010, State Farm mailed a letter dated July 6, 2010 to Dynamic at the same addresses. This letter states State Farm had received claims from Dynamic for services rendered to Anderson on May 14, 2010, June 9, 2010 and June 21, 2010.* [2] This letter advised Dynamic it had failed to produce a representative for an EUO on June 28, 2010. This letter rescheduled the EUO for July 19, 2010 at 10:00 a.m. at the offices of Rivkin Radler LLP The letter requests a representative of Dynamic call State Farm seven days in advance to confirm or reschedule the EUO. The letter advises Dynamic it will be reimbursed for earnings lost and reasonable transportation expenses and if the date, time or place is not reasonably convenient, to call State Farm to reschedule the EUO on a convenient date and time and at a convenient location.
Dynamic did not appear for the July 19, 2010 EUO and did not call to adjourn or reschedule.
*603 On August 14, 2010, State Farm issued a denial denying all of the claims on the grounds there was no coverage because Dynamic had failed to appear for an EUO.
This action was commenced on December 16, 2010. The summons and complaint were served on January 11, 2011. The complaint seeks to recover only for the MRI performed on Anderson’s left knee on June 21, 2010.
State Farm asserts it wants to conduct an EUO because it has reason to believe Dynamic may be subject to a Mallela defense. (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005].) State Farm believes someone who is not a licensed physician either owns Dynamic or controls its operation.
Steven Brownstein, M.D. (Brownstein), is listed as the owner and president of Dynamic. He is also listed as the owner and president of six other medical facilities in New York. He is affiliated with at least 13 different medical imaging offices in New York and New Jersey. Allstate Insurance Company has commenced an insurance fraud action in New Jersey against one of the facilities Brownstein is associated with in New Jersey. Despite this, State Farm has not commenced a declaratory judgment action seeking a determination that Dynamic is not eligible to receive no-fault benefits.
State Farm asserts Dynamic’s failure to appear for an EUO should result in the action being dismissed pursuant to CPLR 3211 (a) (1) and/or (7).
Discussion
A. CPLR 3211 (a) (1)
CPLR 3211 (a) (1) permits the court to dismiss an action based upon documentary evidence. In order to dismiss pursuant to CPLR 3211 (a) (1), the court must find that the documentary evidence totally refutes plaintiff’s claim and conclusively establishes a defense as a matter of law. (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314 [2002]; Leon v Martinez, 84 NY2d 83 [1994]; 730 J & J v Fillmore Agency, 303 AD2d 486 [2d Dept 2003]; Berger v Temple Beth-El of Great Neck, 303 AD2d 346 [2d Dept 2003].)
In order to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence must resolve all factual issues and conclusively dispose of plaintiffs cause of action. (Melnicke v Brecher, 65 AD3d 1020 [2d Dept 2009].)
The documentary evidence, the EUO notices, do not by themselves resolve all factual issues or conclusively dispose of *604 all the issues in this action. In order to establish this defense, defendant must establish it timely mailed the original and follow-up EUO notices in a properly addressed envelope in accordance with standard office practices and procedures, the party did not object to the EUO and the party did not appear on either occasion. (Crescent Radiology, PLLC v American Tr. Ins. Co., 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U] [App Term, 9th & 10th Jud Dists 2011].) The insurer must establish it had a specific objective justification for demanding the EUO. (11 NYCRR 65-3.5 [e].)
To obtain dismissal pursuant to CPLR 3211 (a) (1), the document alone must establish the defense. An action cannot be dismissed pursuant to CPLR 3211 (a) (1) if proof is required by affidavit or deposition. (Siegel, NY Prac § 259 [5th ed].)
To establish proper and timely mailing, State Farm must submit an affidavit from an employee with knowledge of its office practices or procedures establishing State Farm has office practices and procedures designed to ensure the denial was timely generated, addressed and mailed and those procedures were followed in connection with the notice involving plaintiffs claim. (St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2d Dept 2008].) State Farm would have to establish the party who it requested to appear for an EUO defaulted in appearance. State Farm would also have to establish it had an objective justification for requesting the EUO. Such proof requires affidavits.
Since the documentary proof does not resolve all factual issues and conclusively dispose of plaintiffs action, defendant’s motion to dismiss pursuant to CPLR 3211 (a) (1) is denied.
B. CPLR 3211 (a) (7)
When deciding a motion to dismiss for failure to state a cause of action, the court must determine whether the pleader has a cognizable cause of action and not whether the action has been properly pleaded. (Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Rovello v Orofino Realty Co., 40 NY2d 633 [1976]; Well v Yeshiva Rambam, 300 AD2d 580 [2d Dept 2002].) The court must accept all of the facts alleged in the complaint as true. (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001].) The complaint must be liberally construed, and the plaintiff must be given the benefit of every favorable inference which can be drawn from the facts alleged in the complaint. (Leon v Martinez, supra; Paterno v CYC, LLC, 8 AD3d 544 [2d Dept 2004].) *605 If from a reading of the complaint the court determines the plaintiff has any cognizable cause of action, the motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied. (Guggenheimer v Ginzurg, supra; Pacific Carlton Dev. Corp. v 752 Pac., LLC, 62 AD3d 677 [2d Dept 2009].) When evidentiary material is considered, the court must determine whether the pleader has a cause of action, not whether it has been properly stated. (Gershon v Goldberg, 30 AD3d 372 [2d Dept 2006].)
In order to succeed on a motion to dismiss made pursuant to CPLR 3211 (a) (7), defendant must establish that no matter what plaintiff proves, plaintiff does not have a cause of action. (Siegel, NY Prac § 265 [5th ed].)
Plaintiff pleads a cognizable cause of action for first-party no-fault benefits by pleading (1) the status of the parties, (2) plaintiff is the assignee of the benefits, (3) the date the services were provided, (4) the date the claim was submitted to the defendant, and (5) more than 30 days have elapsed since the submission of the claim and the claim has not been paid. (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312 [2007]; New York Hosp. Med. Ctr. of Queens v Country Wide Ins. Co., 82 AD3d 723 [2d Dept 2011].) Plaintiff does not have to plead or prove compliance with a demand for an EUO.
Defendant does not assert plaintiff has failed to allege any necessary element of the claim.
The appellate courts have found the requirement of appearing for an EUO a condition precedent to coverage. (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006]; LDE Med. Servs., P.C. v Encompass Ins., 29 Misc 3d 130[A], 2010 NY Slip Op 51845[U] [App Term, 2d, 11th & 13th Jud Dists 2010].) The no-fault regulations treat appearance at an EUO as part of the verification process. (11 NYCRR 65-3.8 [a] [1] [where the verification demanded is an EUO, the time for a carrier to pay or deny the claim begins to run on the day the EUO was conducted]; see also 11 NYCRR 65-3.5 [e] [the procedures for demanding an EUO and what must be contained in an EUO notice are in the same section of the regulations, “Claim procedure,” that establishes the procedures and time limitations for obtaining verification].)
CPLR 3018 (b) defines an affirmative defense as a “matter[ ] which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.” Failure to appear for an EUO could be *606 a surprise if the party who fails to appear is not the claimant.[3] Failure to appear for an EUO is an affirmative defense to an action for first-party no-fault benefits. (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., supra; LDE Med. Servs., P.C. v Encompass Ins., supra; W & Z Acupuncture, P.C. v Amex Assur. Co., 24 Misc 3d 142[A], 2009 NY Slip Op 51732[U] [App Term, 2d, 11th & 13th Jud Dists 2009].) Defendant has the burden of proof on the affirmative defense. (Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815 [2d Dept 2008].)
Defendant has the burden of proof to establish the EUO notices were timely and properly mailed, it had an objective basis for demanding the EUO and the party who it requested to appear did not appear. (Crescent Radiology, PLLC v American Tr. Ins. Co., supra.)
The defendant is not asserting the complaint fails to state a cause of action. Defendant is asserting it has an affirmative defense that will, if proved, entitle defendant to judgment as a matter of law. This is the standard for summary judgment pursuant to CPLR 3212 (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]) not dismissal pursuant to CPLR 3211 (a) (7).
Where the defendant makes a motion to dismiss which is really a motion for summary judgment, the court, upon notice to the parties, may convert the motion to one for summary judgment. (CPLR 3211 [c].) The court must give the parties the opportunity to submit such additional proof as would be considered on a motion for summary judgment. (Siegel, NY Prac § 270 [5th ed]; CPLR 3211 [c].)
The court converts this motion to one for summary judgment. The motion is reinstated to the motion calendar of Civil Part 3 of this court for July 14, 2011 at 9:30 a.m. to schedule the submission of such other proof as would be appropriate on a motion for summary judgment.

. The letter requesting Dynamic appear for an EUO was mailed to Dynamic at EO. Box 87 Springfield, New Jersey 07081-0087, 73-36 Grand Avenue, Maspeth, New York 11378 and 8 Linda Lane Springfield, New Jersey *602 07081. No explanation is given for why the EUO notice was mailed to Dynamic at these addresses. Dynamic’s medical facility is located at 73-36 Grand Avenue, Maspeth, New York. The claim filed by Dynamic contains a mailing address of EO. Box 87, Springfield, New Jersey 07081.

. The claim for services rendered on May 14, 2010 was received by State Farm on May 24, 2010. The claim for services rendered on June 21, 2010 was received by State Farm on June 30, 2010. A copy of the claim for services rendered on June 9, 2010 was not attached to the motion papers.

. An insurance carrier can deny coverage even if the party who fails to appear for the EUO is not the party submitting the claim. (Crescent Radiology, PLLC v American Tr. Ins. Co., supra [an insurer may deny a claim where the assignor fails to appear for an EUO]; see also Five Boro Psychological Servs., P.C. v Progressive Northeastern Ins. Co., 27 Misc 3d 141[A], 2010 NY Slip Op 50991[U] [App Term, 2d, 11th & 13th Jud Dists 2010].)