OPINION OF THE COURT
Devin P. Cohen, J.
After oral argument, the decision/order on defendant’s motion for summary judgment dismissing the complaint is as follows:
Defendant moves for summary judgment dismissing the complaint on the ground that it issued timely denials of plaintiffs claims based upon the claimant’s failure to appear for two scheduled examinations under oath (EUOs). Plaintiff opposes the motion on the grounds that there was not a reasonable basis for the EUO requests.
In support of its motion, defendant submitted the affidavit of its personal injury protection supervisor which established that the EUO notices were timely mailed to the claimant in accordance with defendant’s standard office practices and procedures (see St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123, 1124 [2d Dept 2008]; Crescent Radiology, PLLC v American Tr. Ins. Co., 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Defendant also submits the affirmation of the attorney assigned to perform the EUOs which established that the claimant failed to appear on both scheduled dates (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006]). Defendant also established that the denial of claim form was timely mailed in accordance with defendant’s standard office practices and procedures (see St. Vincent’s Hosp. of Richmond, 50 AD3d at 1124).
The New York State Insurance Department Regulations provide that
“[n]o action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage. . . .
“Upon request by the Company, the eligible injured person or that person’s assignee or representative shall: . . .
“(b) as may reasonably be required submit to examinations under oath by any person named by *356 the Company and subscribe the same” (11 NYCRR 65-1.1 [d]; and see GLM Med., P.C. v State Farm Mut. Auto. Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50194[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011] [“an appearance at an EUO is a condition precedent to the insurer’s liability on the policy”]).
The Appellate Term has determined that where a plaintiff fails to respond to the defendant’s EUO requests it “will not be heard to complain that there was no reasonable basis for the EUO request” (Crescent Radiology, PLLC v American Tr. Ins. Co., 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U], *2 [2011]; Jamaica Med. Supply, Inc. v Encompass Indem. Co., 36 Misc 3d 160[A], 2012 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Viviane Etienne Med. Care, P.C. v State Farm Mut. Auto. Ins. Co., 35 Misc 3d 127[A], 2012 NY Slip Op 50579[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; and see Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553, 555 [2d Dept 1999] [“(a)ny confusion on the part of the plaintiff as to what (verification) was being sought should have been addressed by further communication, not inaction”]).
Plaintiff does not allege that the claimant appeared for the scheduled EUOs. Rather, plaintiff contends that the EUO requests were unreasonable and that it mailed letters objecting to the reasonableness of the EUO requests. However, plaintiffs objection letters were mailed approximately 10 months after the initial EUO request was issued and, in fact, approximately four months after the plaintiff commenced this action. Because an appearance at an EUO is a condition precedent to an insurer’s liability under the policy and to the commencement of an action to recover under the policy, plaintiff is required to preserve its objection to the reasonableness of the EUO requests prior to commencing suit. Failure to so object bars the plaintiff from raising the objection as an excuse for the claimant’s nonappearances at scheduled EUOs (see Crescent Radiology, 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U]; Jamaica Med. Supply, Inc., 36 Misc 3d 160[A], 2012 NY Slip Op 51825[U]; Viviane Etienne Med. Care, P.C., 35 Misc 3d 127[A], 2012 NY Slip Op 50579[U]).
The purpose of the no-fault regulations is to promote “prompt resolution of injury claims, limit[ ] cost to consumers and alleviate] unnecessary burdens on the courts” (Pommells v Perez, 4 NY3d 566, 571 [2005]). Allowing the plaintiff to wait until after it commences suit to raise an objection to an EUO request would *357 frustrate the intent of the no-fault statute (see Canarsie Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 1228[A], 2010 NY Slip Op 50950[U] [Civ Ct, Kings County 2010]). “Any questions concerning a communication should be addressed by further communication, not inaction” (2010 NY Slip Op 50950[U], *2).
There are built-in timelines to the no-fault claims process. To fulfill the intent of the no-fault statute and the insurance regulations, claimants, providers and carriers must each act in good faith to address each claim in an expeditious manner. An appropriate objection must be timely to be meaningful. Under the circumstances, the court finds that plaintiffs response letters, issued after the commencement of the action, were submitted too late to constitute a legitimate response to defendant’s EUO notices and were insufficient to preserve any objection to the reasonableness of the EUO requests. Therefore, plaintiff is barred from raising a challenge to the reasonableness of the EUO requests at this point. As a result, plaintiff must be found to have violated the conditions precedent to its claim.
Accordingly, defendant’s motion is granted and the complaint is dismissed.