[995 NYS2d 465]

Rutland Medical, P.C., as Assignee of Ted Nimmons and Another, Plaintiff, v State Farm Insurance Company, Defendant.

Civil Court of the City of New York, Kings County, October 1, 2014

APPEARANCES OF COUNSEL

*Bruno, Gerbino & Soriano, LLP*, Melville, for defendant.
*Law Office of Stephen Goldblatt, P.C.*, Brooklyn, for plaintiff.

## OPINION OF THE COURT

DEVIN P. COHEN, J.

Defendant's motion for summary judgment is decided as follows:

Defendant's motion is granted to the extent that it established the timely and proper generation and mailing of examination under oath (EUO) scheduling letters and plaintiff's failure to appear on the scheduled EUO dates of January 18, 2013 and February 13, 2013. Defendant also established that the claims were timely denied.

Plaintiff, in opposition, does not challenge the timely mailing of defendant's EUO requests or denials or that plaintiff failed to appear on the scheduled dates. Rather, plaintiff objects to the reasonableness of the EUO requests and attaches copies of letters addressed to defendant's law firm responding to defendant's EUO requests. In a letter dated January 17, 2013 plaintiff indicates that "there appears to be a disparity between [the position of the law firm] and that of State Farm." Specifically, plaintiff requests clarification as to whether defendant was requesting both the production of documents and an EUO or whether defendant would consider the production of the documents to be sufficient. It is unclear whether and to what extent defendant responded to this letter as no responsive letter is included in the papers. Plaintiff's subsequent letter, dated February 7, 2013, objects to appearing for an EUO and indicates that plaintiff believes it has fully met its obligation under the no-fault policy to comply with all reasonable requests for verification. Again, it is unclear whether defendant responded to plaintiff's correspondence.

This court previously held in *Five Boro Psychological & Licensed Master Social Work Servs., PLLC v GEICO Gen. Ins. Co.* (38 Misc 3d 354 [Civ Ct, Kings County 2012, Cohen, J.]) that an objection must be timely to be meaningful. Thus, the court found that an objection to EUO requests raised for the first time after the action was commenced was too late to constitute a legitimate response and was insufficient to preserve an objection to reasonableness of those requests (*see Five Boro*, 38 Misc 3d 354, 357; *see also Viviane Etienne Med. Care, P.C. v*

*State Farm Mut. Auto. Ins. Co.*, 35 Misc 3d 127[A], 2012 NY Slip Op 50579[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Here, in contrast, plaintiff offers evidence of a timely and specific objection to the reasonableness of defendant's EUO requests and, as such, is not precluded from raising that objection in opposition to defendant's motion (*cf. Five Boro*, 38 Misc 3d 354; *see Viviane Etienne Med. Care, P.C.*, 35 Misc 3d 127[A], 2012 NY Slip Op 50579[U]).

Under the circumstances, plaintiff raises a question of fact with respect to the reasonableness of the EUO requests and whether, if defendant failed to respond, plaintiff's failure to appear for the EUOs was excusable (*cf. Five Boro*, 38 Misc 3d 354; *see Canarsie Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co.*, 27 Misc 3d 1228[A], 2010 NY Slip Op 50950[U] [Civ Ct, Kings County 2010, Ash, J.]). The matter shall proceed to trial on the issues of plaintiff's prima facie case and the reasonableness of defendant's EUO requests.