OPINION OF THE COURT
James F. Matthews, J.
Ordered that this motion by defendant for an order pursuant to CPLR 3212 granting summary judgment in its favor against plaintiff dismissing the complaint in this action for assigned first-party no-fault benefits is denied, and plaintiff’s cross motion for summary judgment in its favor against defendant is granted.
Defendant denied the no-fault claims at issue based on the failure of plaintiff Avalon Radiology, P.C. to appear for two examinations under oath (EUOs) on April 10, 2014 and May 1, 2014. Defendant’s first EUO request, dated March 26, 2014, stated that the examination would consist of questions pertaining to Avalon’s corporate entity, the medical condition of the eligible injured party, and Avalon’s corporate relationship with any and all other professional and nonprofessional corporations (exhibit I to moving papers). Avalon responded to the first EUO request with a letter dated April 3, 2014, requesting the good faith, objective reason for defendant’s request for an EUO pertaining to Avalon’s incorporation and licensure, as well as the basis for suspecting it had engaged in fraudulent behavior (exhibit K). In response to Avalon’s letter of April 3, 2014, defendant sent a second letter dated April 14, 2014, stating that it was not required to provide the specific objective justification for its EUO request and rescheduling the EUO for May 1, 2014 (exhibit L), as well as a third letter dated April 18, 2014, also setting forth the May 1, 2014 EUO date (exhibit H). The claims were denied following Avalon’s failure to appear for the May 1, 2014 EUO (exhibits R, S, T).
Appearance at an EUO is required as a condition precedent to no-fault coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006]). A duty of reasonableness and cooperation is, however, imposed on both parties in the verification process (see Diagnostic Radiographic Imaging, P.C. v GEICO, 42 Misc 3d 1205[A], 2013 NY Slip Op 52247[U] [Civ Ct, Kings County 2013]; 11 NYCRR 65-3.5 [e]).
*838 In pertinent part, the applicable no-fault regulation, 11 NYCRR 65-3.5 (e), provides as follows:
“When an insurer requires an examination under oath of an applicant to establish proof of claim, such requirement must be based upon the application of objective standards so that there is specific objective justification supporting the use of such exami1 nation. Insurer standards shall be available for review by department examiners.”
An insurer is not required as a precondition to a demand for an EUO to provide the justification for the request. Where the recipient of a duly made demand for an EUO fails to request the justification for the demand, the right to receipt of such justification is waived as to that recipient. Thus, the failure to respond to a duly made demand for an EUO relieves the insurer of an obligation to demonstrate the reasonableness of the requests. (Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [1999]; Morris Med., P.C. v Amex Assur. Co., 37 Misc 3d 140[A], 2012 NY Slip Op 52260[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; Crescent Radiology, PLLC v American Tr. Ins. Co., 31 Misc 3d 134[A], 2011 NY Slip Op 50622 [U] [App Term, 2d Dept, 9th & 10th Jud Dists]; see also IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d 1005 [2d Dept 2014]; Interboro Ins. Co. v Clennon, 113 AD3d 596 [2d Dept 2014]; NY Rehab Pain Mgt. & Med. Servs., PC v State Farm Auto Ins. Co., 51 Misc 3d 1226[A], 2016 NY Slip Op 50821[U] [Sup Ct, Nassau County 2016] [provider did not timely (prior to date scheduled for EUO) request insurer to provide the reason for EUO demands].)
Thus, Avalon’s request for the objective reason in response to the first EUO request triggered an obligation on the part of the defendant insurer to respond by providing the specific objective justification for the EUO request. The insurer’s response in this case to the effect that it was not obligated to do so is plainly wrong. The insurer clearly had an obligation to comply with no-fault regulation section 65-3.5 (e) and supply the requesting party, in this case the provider, with the “specific objective justification supporting the use of such examination.” The regulations do not allow the insurer to use an EUO as a fishing expedition. There must be a specific objective reason for the request. (See American Tr. Ins. Co. v Jaga Med. Servs., PC., 128 AD3d 441 [1st Dept 2015]; American Tr. Ins. Co. v Curry, 45 Misc 3d 171 [Sup Ct, NY County 2013].) If the court were to conclude otherwise, the cited language of the applicable regulation would be rendered meaningless.
*839 Because the defendant insurer failed to provide the requisite “specific objective justification supporting the use of such examination” in response to the plaintiff’s timely demand for same, the initial and subsequent EUO requests were noncom-pliant with the regulations. Clearly, the plaintiff’s response to the defendant’s initial request did not constitute an absolute refusal to appear for an EUO. Had a sufficient response been made by the defendant, plaintiff would have been obligated to appear at a subsequently scheduled EUO, the first request having been vitiated by plaintiffs timely response in the form of a request for the justification for the EUO. (See Metro Psychological Servs., P.C. v Mercury Cas. Co., 49 Misc 3d 143[A], 2015 NY Slip Op 51644[U] [App Term, 1st Dept 2015]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015].) Defendant therefore has not demonstrated that plaintiff twice failed to appear for properly scheduled EUOs (see Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co.).
In accordance with the foregoing, defendant’s motion for summary judgment is denied, and plaintiff’s cross motion for summary judgment in its favor against defendant is granted.