OPINION OF THE COURT
Michael Gerstein, J.
The issue as to which reargument is granted, as to which we find no controlling appellate authority, is whether a no-fault insurer which notices an examination under oath (EUO) of a medical professional provider, as to which the provider timely objects and requests explanation as to the reason for the EUO, is obligated to provide such a reason as a prerequisite to the EUO.
Defendant GEICO Insurance (GEICO) moves for reargument of this court’s decision and order dated March 20, 2017 (March 20 decision), which denied GEICO’s motions for summary judgment in eight cases consolidated for decision.[1] The March 20 decision found that plaintiffs had established their prima facie cases as to timely mailing of bills, receipt thereof by GEICO, and nonpayment of the bills, and that GEICO had made its prima facie case as to timely mailing of requests for examinations under oath and plaintiff provider’s nonappearance for examination. The court held, in relevant part, that “in view of Plaintiff’s request in response to Defendant’s demand for EUO of a reason therefore, and Defendant’s response denying necessity to provide any reason, triable issues exist as to whether Defendant had any legally valid reason for seeking EUOs of Plaintiff provider.” (Mar. 20 decision para 2 thereof.) It is primarily this holding that is challenged by GEICO on reargument.
The Relevant Facts
The relevant facts in each of these cases are similar. In each case, upon receipt of bills from plaintiff, GEICO timely notified plaintiff American Chiropractic Care PC. (American) to appear for an EUO, and plaintiff’s counsel, upon receipt of that notification, expeditiously wrote to GEICO’s counsel, prior to the date scheduled for the EUO, requesting that GEICO *531 provide “good faith reasons, based upon the application of objective standards that serves as justification for demanding [plaintiff] to appear for an EUO.” (See e.g. Letter of Julie Ly-umbimova, Esq., dated Aug. 14, 2014, annexed within exhibit 3 to GEICO’s motion.)
In response to the letters of plaintiff’s counsel requesting a good faith reason for the EUO of the provider, GEICO’s counsel declined to provide any reason, but instead asserted that “GEICO is not required to provide your Client with the objective basis and/or ‘good reasons’ for its request for an EUO,” citing 11 NYCRR 65-3.5 (c), and specifically so much thereof as provides, in relation to the requirement that EUOs to be supported by specific objective justification, that “insurer standards shall be available for review by [State Insurance] Department examiners.” (See Letter of Ryan Goldberg, dated Aug. 26, 2014, part of exhibit 3 to GEICO’s motion.) It is undisputed that following the exchange of such correspondence, plaintiff did not appear for examination.
The Legal Issue
After careful analysis of the case law cited by each party, and the applicable regulations, the court stands by its prior decision that upon receipt of a timely request (that is, sufficiently prior to the date for which the EUO is scheduled to allow for a response), the insurer is required to provide some good faith basis for the EUO, and the requirement that insurer standards for scheduling EUOs are available for review by the Insurance Department does not relieve the insurer from the need to respond, in the manner set forth below, to a timely request on behalf of the provider.
Analysis
The Comprehensive Motor Vehicle Insurance Reparations Act (Insurance Law § 5101 et seq.) and the no-fault regulations (11 NYCRR 65-1.1 et seq.) provide the no-fault insurer with the right to require an EUO of the assignor of the claim, as well as the provider of medical services or supplies. While the right to an EUO of an assignor, that is, an individual who suffered injury as the result of an automobile accident, is virtually automatic, the EUO of a provider stands on different grounds. The reason for this is that there is obvious potential to abuse the EUO of a provider, typically a medical doctor or chiropractor, although it may also be a provider of durable medical *532 equipment. The claims at issue in no-fault cases are ordinarily no more than a few thousand dollars, and frequently less than even $1,000. To require a doctor to leave his or her practice for at least half a day, between the time to travel to and from an EUO, and the time actually spent under examination, will often result in a loss of income to the doctor disproportionate to, if not in excess of, the amount of the claim, although here GEICO specifically offered to reimburse American for lost earnings and transportation expenses, as required by the regulations. Equally important, an EUO takes the doctor away from time that would otherwise be spent providing health care to patients. (In this regard, there is no provision to reimburse the provider for the time spent in preparation for the examination, including that necessary to compile and review the numerous documents requested by GEICO in advance of the EUO.) The public interest requires that such disruption of medical professionals not be undertaken lightly or on the proverbial fishing expedition in the hope that some basis, perhaps the provider’s nonappearance, may be developed to deny an otherwise legitimate claim.
This court recognizes, and indeed endorses, the right of an insurer, acting in good faith, to require an EUO of a provider. Such EUOs are an important tool in rooting out fraud, which many believe to be all too prevalent in the medical treatment of no-fault patients. Thus, a balance must be struck between the policy of rooting out and preventing fraud, and not unnecessarily disrupting the practice of a medical professional without a good faith basis for so doing.
On reargument, both plaintiff and GEICO have provided case law supporting their respective positions. The court notes that virtually all of the cases cited emanate from trial courts or arbitrators, so that there is little, if any, appellate authority on this issue.
GEICO relies on the following cases: City Chiropractic v State Farm (Civ Ct, Kings County, Feb. 24, 2016, Thompson, J., index No. 37182/14 [relying on Department of Insurance opinion letters dated Oct. 15, 2002 and Dec. 22, 2006]); Gotham Massage Therapy v State Farm (Civ Ct, Bronx County, Dec. 20, 2010, Taylor, J., index No. 30502/09); and Karina K. Acupuncture v State Farm (Civ Ct, Kings County, Jan. 3, 2012, Garson, J., index No. 1702/11) as well as various arbitration awards and judgments entered thereon, all holding that the insurer has no obligation to state any reason for an EUO of the provider. (The *533 court opinions and. orders are annexed as exhibit 5 to GEICO’s moving papers, and the arbitration awards are annexed as exhibit 6.)
None of these cases emanate from an appellate court, so they are not binding on this court. Moreover, while City Chiropractic appears directly on point, as do some of the arbitration awards, both Gotham Massage and Karina K. are factually distinguishable. In Gotham Massage, there is no indication that the provider requested a justification for the EUO prior to its scheduled date. Karina K. refused to appear for its EUO unless the insurer agreed to a series of “non-negotiable” demands, a situation far different from the request of American for an explanation of its good faith basis for an EUO. Accordingly, the legal authority relied upon by GEICO may be distilled into one case directly on point, a second which may or may not be on point depending on facts not contained in the opinion, and arbitration awards, coupled with the opinion letters of the Insurance Department. In response, plaintiff relies on a number of cases which emanate from trial courts, and are as equally lacking in binding authority as those relied upon by GEICO, together with a number of arbitration awards. We note that the trial court cases relied upon by plaintiff, while not controlling, appear to be more closely on point than those cited by GEICO. For example, in Avalon Radiology, P.C. v Ameriprise Ins. Co. (52 Misc 3d 836 [Suffolk Dist Ct 2016]) the court held:
“Thus [provider’s] request for the objective reason in response to the first EUO request triggered an obligation on the part of the . . . insurer to respond by providing the specific objective justification for the EUO request. The insurer’s response in this case to the effect that it was not obligated to do so is plainly wrong.” (52 Misc 3d at 838.)
In Rutland Med., P.C. v State Farm Ins. Co. (45 Misc 3d 1033 [Civ Ct, Kings County 2014]), the court denied the insurer’s motion for summary judgment, finding triable issues where the provider timely objected to appearing for an EUO, as to whether if the insurer failed to respond, the provider’s failure to appear for the EUO was reasonable. In Dynamic Med. Imaging, P.C. v State Farm Fire & Cas. Co. (32 Misc 3d 600 [Nassau Dist Ct 2011]), the court noted, albeit in what is arguably dicta, that the insurer “would also have to establish it had an objective justification for requesting the EUO. Such proof requires affidavits.” (32 Misc 3d 600, 604.) In Victory *534 Med. Diagnostics, P.C. v Nationwide Prop. & Cas. Ins. Co. (36 Misc 3d 568 [Nassau Dist Ct 2012]), the court held that “before a claimant provider should be required to produce Mallela[2] material, the insurer must have and articulate a good faith and factual basis for seeking the information.” (36 Misc 3d 568, 574.) Plaintiff cites other trial court cases and arbitration awards with similar holdings.
While plaintiff cites several Appellate Term cases, they are not controlling, as they dealt with the situation where the respective plaintiff providers, unlike American, did not timely object to the EUO request, but sought to raise objections only in response to the insurer’s subsequent summary judgment motion, following the provider’s nonappearance. While American asserts that those cases provide authority that the Appellate Term would have upheld a timely objection lacking an explanatory response by the insurer, we decline to so read those cases. (See Natural Therapy Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 42 Misc 3d 137[A], 2014 NY Slip Op 50134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Natural Therapy Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 44 Misc 3d 141 [A], 2014 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Metro Health Prods., Inc. v State Farm Mut. Auto. Ins. Co., 47 Misc 3d 127[A], 2015 NY Slip Op 50402[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015].)
GEICO asserts that the requirement that its standards for scheduling EUOs of providers be made available to the Insurance Department precludes any request by the provider for a preexamination explanation for an EUO. The court disagrees. First, that requirement neither explicitly nor implicitly provides that Insurance Department oversight is in lieu of or preempts the provider’s right to timely seek an explanation for the EUO. We note that even were the Insurance Department to find an insurer to have abused the EUO process, that would be of little solace to a provider who duly appeared for examination. Moreover, the Insurance Department’s oversight of the standards employed by an insurer is necessarily a different analysis than whether those standards were properly applied with regard to a particular provider.
In balancing the need for insurers to conduct EUOs of providers to root out and prevent fraud against the burden on the *535 insurer to respond to a timely request for explanation from the provider as to the reason for an EUO, and the burden on a medical professional to appear for examination, we find the burden on the insurer to respond to be slight. In support of GEICO’s underlying motion, GEICO submitted the affidavit of its special investigator, Victor Hernandez, who set forth in great detail the matters supporting GEICO’s need for an EUO of American. From a review of the Hernandez affidavit, it appears that all of these matters were known to GEICO at the time it noticed the EUO of American. This court sees no reason why GEICO could not have easily responded to American’s request for explanation by setting forth some of the matters now contained in the Hernandez affidavit, rather than by stonewalling and asserting that it did not have to provide any explanation to American.
We do not mean to suggest that GEICO should have responded by setting forth all of the information at its disposal with regard to American, or that it needed to set forth anything under oath. But, in this court’s view, GEICO needed to set forth some explanation, even in the form of a letter from counsel, which might have contained a highly-edited version of the matters set forth in Mr. Hernandez’s subsequent affidavit, to demonstrate a good faith basis for the EUO. The burden on the insurer to make some prima facie showing of good faith is far less than the burden that would be imposed on a provider to appear for examination when there is no good faith basis to request an EUO.
There is another benefit to a rule requiring the insurer to provide a substantive response to a timely objection by a provider to an EUO. A substantive response will allow the provider, with the advice of counsel, to make an intelligent decision whether to appear for the EUO and to be adequately prepared so that the examination may be expeditiously concluded. The good faith, or lack thereof, would be established by the insurer’s substantive response. A provider who fails to appear for its properly noticed EUO, as to which a substantive response was made to any timely objection, would be subject to summary dismissal of its case. And, as the statute and regulations only require a good faith application of objective standards, it would be extremely difficult, at the least, for the provider to challenge a substantive explanation by the insurer for the EUO, so long as that explanation was made in good faith.
*536 Conclusion
Accordingly, while the court has granted reargument, upon reargument, we hold that no controlling facts or applicable law was overlooked in the March 20 decision and order. The court stands by the March 20 decision, and particularly paragraph “2” thereof, holding it to be a triable issue as to whether GEICO had a good faith basis, under objective standards, to seek the EUO of American,[3] given American’s timely objection to the EUO, and GEICO’s refusal to set forth any basis for the examination.

. We similarly consolidated for decision GEICO’s eight motions for re-argument.

. State Farm. Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 (2005).

. American and GEICO dispute whether American attached to its papers in the underlying motion sufficient documents to show that it raised timely objection to EUOs with regard to assignments from certain assignors, namely Jesus and Bella Gutierrez. In reviewing American’s papers, it appears that its counsel’s letter included these claims in a list annexed to that letter referencing these assignors. Nevertheless, as to these assignors, the issues for trial shall include whether American’s counsel timely objects to the EUOs prior to the scheduled date.